IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LoTonia Y. Spann, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:25-cv-6539-BHH |
| v. ) | |
| ) | **ORDER** |
| Vanderbilt Mortgage and Finance, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff LoTonia Yvette Spann's ("Plaintiff" or "Spann") *pro se* amended complaint against Defendant Vanderbilt Mortgage and Finance, Inc. ("Defendant" or "Vanderbilt"). (ECF No. 16.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On November 19, 2025, after reviewing Plaintiff's amended complaint and the various motions filed by Plaintiff, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action without prejudice, without issuance and service of process, and without further leave to amend. (ECF No. 21.) The Magistrate Judge also recommends that the Court deny Plaintiff's motion for a temporary restraining order ("TRO"); her motion to enforce TRO, for reinstatement of possession, and for sanctions; her amended motion to enforce TRO, to compel immediate return of property, and for sanctions and other relief; and her motion to expedite hearing. (ECF Nos. 2, 10, 11, 12.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.

Plaintiff filed objections to the Report on November 28, 2025. (ECF No. 28.) Plaintiff also filed a supplemental notice asserting that her objections to the Report are contained with ECF No. 24 on pages 3 and 4, as well as a motion for service. (*See* ECF Nos. 24, 26, 27.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

In the Report, the Magistrate Judge first noted that this is Plaintiff's second action concerning a state court claim and delivery action ("the state court action") as to her manufactured/mobile home ("home"). As the Magistrate Judge noted, records indicate that Vanderbilt filed the state court action in August of 2023, seeking repossession of Plaintiff's home, which was collateral to secure a promissory note and security agreement executed by Plaintiff on which Plaintiff defaulted. *See* Berkeley County Ninth Judicial Circuit Public Index, Case No. 2023-CP-08-02191.

Following the filing of the state court action, Plaintiff filed a Chapter 13 voluntary petition ("the first bankruptcy action") in the Bankruptcy Court for the District of South

2

Carolina on September 12, 2023. The first bankruptcy court action was dismissed on January 4, 2024. *In re Spann*, No. 23-2766-eg (Bankr. D.S.C. 2023). An order for default judgment for repossession and writ of assistance was entered in the state court action on February 21, 2024.

Plaintiff filed another Chapter 13 voluntary petition in March of 2024 ("the second bankruptcy action"), which was dismissed with prejudice as to the filing of a new Chapter 11, 12, or 13 case for a period of one year based on Plaintiff's failure to comply with an order of the Bankruptcy Court and her filing of another Chapter 13 case within the same year. *In re Spann*, No. 24-00852-eg (Bankr. D.S.C. 2024).

The default judgment in the state court action was served on Plaintiff on August 14, 2024, and Plaintiff filed a Chapter 7 voluntary petition ("the third bankruptcy action") on August 21, 2024. The bankruptcy court denied Plaintiff's motion for sanctions against Vanderbilt, finding that Plaintiff failed to show that Vanderbilt took action during the pendency of her prior case that violated that automatic stay.

While the third bankruptcy action was pending, Plaintiff filed a notice of appeal in this Court on November 8, 2024. The appeal was dismissed on February 13, 2025. *In re Spann*, No. 2:24-cv-6384-BHH, 2025 WL 487486 (D.S.C. Feb. 13, 2025). Plaintiff then filed another action in this Court in January of 2025, alleging that Vanderbilt violated an automatic stay. *Spann v. Vanderbilt Mortg. & Fin. Inc.*, No. 2:25-cv-380-BHH-MHC. In that action, this Court denied Plaintiff's motion for a temporary restraining order and dismissed the case on June 20, 2025. *Id.*, 2025 WL 1719258 (D.S.C. June 20, 2025).

In her amended complaint in this action, Plaintiff asserts, *inter alia*, that the lien was satisfied and that Vanderbilt submitted a fraudulent lien to the South Carolina Department

3

of Motor Vehicles and improperly obtained a default judgment in the state court action. Plaintiff asserts that federal question jurisdiction exists, and she requests a declaratory judgment and compensatory, statutory, and punitive damages.

In the Report, the Magistrate Judge carefully reviewed Plaintiff's prior actions and the allegations that Plaintiff makes in this action, and the Magistrate Judge ultimately found that the amended complaint is subject to summary dismissal without service of process because it fails to state a claim that this Court can consider under its federal question jurisdiction or its diversity jurisdiction. (ECF No. 21 at 1-8.) As the Magistrate Judge noted, all three of Plaintiff's prior bankruptcy actions are closed, and there is no pending appeal in those cases or any other basis of jurisdiction for this Court to review matters pertaining to the closed bankruptcy cases. (*Id.* at 8-9.) Additionally, to the extent Plaintiff is attempting to appeal the results of the state court action, the Magistrate Judge explained that this Court lacks jurisdiction as it does not hear "appeals" from state court actions. (*Id.* at 9-11.) As to Plaintiff's assertion that jurisdiction exists under 28 U.S.C. § 1343, the Magistrate Judge explained that Vanderbilt is not a state actor and is a private corporation such that § 1343 provides no jurisdiction. (*Id.* at 11-12.)

Next, the Magistrate Judge concluded that, even if Plaintiff could establish federal subject matter jurisdiction, the amended complaint is subject to dismissal for failure to state a claim. (*Id.* at 12.) The Magistrate Judge explained that Plaintiff alleges no facts to indicate that Defendant acted under color of state law to assert a claim under § 1983, and Plaintiff fails to allege a plausible claim with respect to her bankruptcy-related claims. (*Id.* at 13-19.)

In addition to the foregoing, the Magistrate Judge considered Plaintiff's motion

4

requesting a TRO to prevent Defendant from repossessing, transferring, selling, or otherwise interfering with her manufactured home. (*Id.* at 19.) Ultimately, the Magistrate Judge recommends that the Court deny the motion for TRO because Plaintiff did not comply with Rule 65(b)(1) by providing specific facts in an affidavit or verified complaint to clearly show immediate and irreparable injury and because Plaintiff cannot satisfy the attorney certification requirement under Rule 65(b)(1)(B). Furthermore, the Magistrate Judge found that, even if Plaintiff could demonstrate compliance with Rule 65(b), she has not made a clear showing of the four factors set forth in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). (ECF No. 21 at 19-22.)

Lastly, the Magistrate Judge recommends that the Court deny Plaintiff's other remaining motions, including her motion to enforce TRO and motion for hearing because, among other reasons, Plaintiff has not alleged any facts to indicate violation of a TRO and the criminal statutes cited by Plaintiff do not create private causes of action. (*Id.* at 22-26.)

The Court has carefully reviewed Plaintiff's objections to the Report, including those set forth in ECF No. 24 and those set forth in ECF No. 28. After review, the Court finds Plaintiff's objections entirely unavailing. In her objections, Plaintiff summarily contends that she has complied with the proper form order, and she asserts that the Magistrate Judge's Report is premature. (*See* ECF No. 24 at 3-4; ECF No. 28 at 1-2.) Plaintiff also asserts that "all deficiencies are cured," and she asks the Court to reject the Report and order service of process. (*Id.*; *see also* ECF No. 27 (moving for service by the U.S. Marshal).)

Importantly, however, nowhere in her objections does Plaintiff point to any legal or factual error in the Magistrate Judge's Report or otherwise explain how this Court has subject matter jurisdiction to consider her claims in the first place. Nor does Plaintiff refute

5

the Magistrate Judge's findings as to the amended complaint's failure to state a plausible claim.

Thus, after *de novo* review of the record in this case and Plaintiff's related bankruptcy matters (of which the Court may take judicial notice), the Court agrees with the Magistrate Judge that Plaintiff's complaint does not assert a claim that the Court may consider under its federal question jurisdiction (or diversity jurisdiction).  Additionally, the Court agrees with the Magistrate Judge that even if the Court does have jurisdiction, the amended complaint fails to state a claim upon which relief may be granted.  The Court also finds that Plaintiff has not demonstrated that she is entitled to a TRO at this time or that Vanderbilt has somehow violated a TRO, and no hearing on these matters is necessary.

Based on the foregoing, therefore, and having found that the Magistrate Judge fairly and accurately summarized the facts and correctly applied the law, and that Plaintiff's objections point to no error in the Magistrate Judge's analysis, **the Court hereby:**

**(1) adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 21);**

**(2) overrules Plaintiff's objections (ECF Nos. 24, 28);**

**(3) denies Plaintiff's motion for TRO (ECF No. 2);**

**(4) denies Plaintiffs' motion to enforce TRO, for reinstatement of possession, and for sanctions (ECF No. 10);**

**(5) denies Plaintiff's amended motion to enforce a TRO, to compel immediate return of property, and for sanctions and other relief (ECF No. 12);**

**(6) denies Plaintiff's motion for to expedite hearing (ECF No. 11);**

**(7) denies Plaintiff's motion for service (ECF No. 27); and**

**(8) dismisses this action without prejudice, without issuance and service of process, and without further leave to amend.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 9, 2026
Charleston, South Carolina